IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|               Plaintiff,                          ) | |
| v.                                                        ) | Case No. 2:22-cr-20252-JTF |
| JEREMY NOEL,                                 ) | |
|               Defendant.                      ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
DENYING DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant Jeremy Noel's Motion to Suppress, filed on February 17, 2023. (ECF No. 21.)  The United States responded to the Motion to Suppress on February 28, 2023. (ECF No. 23.)  The Motion was referred the Magistrate Judge on February 23, 2023. (ECF No. 22.) The Magistrate Judge held an evidentiary hearing on April 12, 2023, and issued a Report and Recommendation ("R&R") on June 13, 2023, denying the Motion.  (ECF Nos. 26 & 29.) Defendant filed Objections to the Report and Recommendation on June 26, 2023, and the United States filed a Response to Defendant's Objections on July 7, 2023.  (ECF Nos. 31 & 32.)  For the reasons provided herein, the Court **ADOPTS** the Magistrate Judge's R & R and **DENIES** Defendant's Motion to Suppress.

**LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001).  Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions.  28

1

U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[t]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *See also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674. The district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

**FINDINGS OF FACT**

Objection No. 1: Officer Beard's Stopped Defendant for Not Wearing his Seatbelt.

In the R&R, the Magistrate Judge sets forth proposed findings of fact. (ECF No. 29, 1–5.) The Defendant objects to the proposed factual finding that Officer Dustin Beard stopped the Defendant for not wearing a seatbelt. (ECF No. 31, 2.) Defendant contends he was pulled over because he was a Black male driving a white, four-door vehicle, and Officer Beard did not observe that the Defendant was not wearing his seatbelt until *after* the stop. (ECF No. 31, 3.) The Magistrate Judge made a credibility determination that Officer Beard was actively looking for a white, four-door vehicle driven by a Black male who fled from a traffic stop, and "he also credibly testified that he saw that Noel was not wearing a seatbelt" prior initiating the stop. (ECF No. 29, 8.) "Credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his *de novo* review of the record he finds a reason to question the magistrate judge's assessment." *United States v. Robinson*, No. 1:07CR1, 2007 WL 2138635, at *1 (E.D. Tenn. July 23, 2007).

Defense counsel advances only unsupported theories about the testimony of Officer Beard and asks this Court to speculate about Beard's actions and motives, something this Court will not do. Upon reviewing the record *de novo*, the Court concludes that the Magistrate Judge's findings of fact, including her credibility determinations, are consistent with the evidence adduced during the suppression hearing. (ECF No. 30.) Defense Counsel has failed to provide any credible reason why the Magistrate Judge's factual recommendations should be rejected. Therefore, Defendant's objection to the Magistrate Judge's finding that Officer Beard observed that Defendant was not wearing his seatbelt prior to the traffic stop is overruled.

Accordingly, the Court **ADOPTS** and incorporates the Magistrate Judge's proposed findings of fact.

## ANALYSIS

The Magistrate Judge recommends that the Court deny the Motion to Suppress because probable cause existed to conduct a traffic stop. (ECF No. 29, 5). Defendant objects to this conclusion of law arguing that based on Officer Beard's testimony, there was no probable cause to support the stop. Because there was no probable cause, he argues the traffic stop violated the Fourth Amendment.

Objection No. 2: No Probable Cause for the Stop.

Under the Fourth Amendment, a vehicle stop is a "seizure" of a "person" that must be reasonable. *Whren v. United States*, 517 U.S. 806, 809–10 (1996). The Sixth Circuit "permit[s] vehicle stops based on a mere 'reasonable suspicion' . . . that a misdemeanor is occurring, analogizing these temporary stops to the well-known "*Terry* stop" from *Terry v. Ohio*, 392 U.S. 1 (1968)." *United States v. Brooks*, 987 F.3d 593, 599 (6th Cir. 2021). Driving without wearing a seatbelt is a misdemeanor under Tennessee law. *See* Tenn. Code Ann. § 55-9-603. Pertinent here, "officers may stop a car as long as they objectively have probable cause that an occupant of the car has committed a traffic offense, even if they subjectively do so for a different reason." *Brooks*, 987 F.3d at 599.

During the suppression hearing, Officer Beard testified that he was looking for a white, four-door vehicle because the person who operated the vehicle recently fled from a traffic stop. (ECF No. 29, 2.) Officer Beard further testified that while he drove his patrol car, he and Officer Narcarious Lucas, his partner, saw a white, four-door vehicle operated by the Defendant, and that the Defendant was not wearing his seat belt. (*Id.*)   They proceeded to make a traffic stop which

4

resulted in the Defendant's arrest. Based upon the law and evidence adduced at the suppression hearing, the Magistrate Judge recommends that the Court deny the Motion to Suppress. (ECF No. 29, 8).

Defendant objects, arguing that Officer Beard's story is implausible and does not support a finding of probable cause on several grounds. First, Officer Beard was searching for a suspect who fled a traffic stop, and "it is hard to believe" that Officer Beard would bother with a mere traffic infraction, while a suspect endangering the public was on the loose. (ECF No. 31, 5). Second, Defendant's vehicle was too far down the road for Officer Beard to see whether or not the Defendant was wearing his seatbelt. (*Id*.) Third, Beard repeatedly ignored Defendant when he initially asked him why he was pulled over, "negating Beard's statement that he immediately informed him that he was being pulled over for a seat belt violation." (*Id*.) Fourth, if Officer Beard was earnestly in pursuit of the white, four-door vehicle, then he would have noticed that Defendant was traveling in the opposite direction the suspect was believed to have headed towards. (*Id*.) And Fifth, Defendant argues that even when another officer told Officer Beard that the suspect drove another way, Officer Beard "replied that he found guns and drugs anyway," never mentioning the seatbelt violation. (*Id*.)

These arguments challenge the Officer's stated reason for the initial stop in ways that invites the Court to speculate as to what happened. As noted above, Officer Beard testified that he conducted the stop because he saw Defendant driving without a seatbelt, in violation of Tennessee law. Also, as the United States points out, Defendant's aim to challenge the Magistrate Judge's credibility and factual findings that Officer Beard stopped Defendant for driving without his seatbelt, is disguised as a legal challenge. (ECF No. 32.) Moreover, the Magistrate Judge determined that Officer Beard's *reason* for the stop was a factual dispute, concluding that

Defendant was stopped for a traffic violation, and that Officer Beard observed Defendant driving without a seatbelt before the stop.  (ECF No. 29, 6, 8).

Although the Defendant makes an effort to separate his argument into a factual objection and a separate legal objection, it is all the same.  Either way, and as the Court found above, the point at which Officer Beard saw the four-door, white vehicle driven by Defendant, he was not wearing his seatbelt.  Thus, there was probable cause to support the traffic stop.

The Court **ADOPTS** the Magistrate Judge's Recommendation that the stop was lawful and not in violation of the Fourth Amendment because Officer Beard observed Defendant driving without a seatbelt, a misdemeanor in violation of Tennessee law.  As noted, Defendant has failed to articulate a valid reason to question the Magistrate Judge's assessment. As a result, Defendant's objection to the Magistrate Judge's finding that Officer Beard did not have probable cause to stop Defendant is overruled.  Accordingly, Defendant's Motion to Suppress is **DENIED.**

## CONCLUSION

Upon *de novo* review, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, and Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED** this 12th day of September, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE